**UNITED STATES of America ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,**

v.

**An UNDIVIDED ONE–SEVENTH FEE SIMPLE INTEREST IN a TRACT OF LAND CONTAINING 0.43 ACRE, More or Less, IN FRANKLIN COUNTY, TENNESSEE,**

**Etta Bright, et al., Defendants.**

**Civ. A. No. 965.**

United States District Court
E. D. Tennessee,
Winchester Division.

July 25, 1969.

Don Whitehead, Knoxville, Tenn., for TVA.

Joe R. Hickerson, Winchester, Tenn., for Guardian ad Litem.

## MEMORANDUM OPINION

NEESE, District Judge.

In this and many similar property condemnation actions, in which the United States, through its corporate agency, the Tennessee Valley Authority, has taken lands for public use, this agency has included in its complaint a demand that:

> "* * * Just compensation for the property taken be ascertained by a jury (unless the Court in its discretion orders that the issue of compensation shall be determined by a commission of three persons appointed by it pursuant to Rule 71A (h) of the Federal Rules of Civil Procedure). * * *"

The question arises: whether, upon no other demand for a jury trial, the Court is authorized to determine the amount of just compensation herein in a non-jury trial.

The complaint herein, as do similar complaints, describes this as "* * * an action of a civil nature * * *." It is, in reality, a civil action. "There shall be one form of action *to be known as* 'civil action'." Rule 2, Federal Rules of Civil Procedure. "These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions * * *" not pertinent here. Rule 1, Federal Rules of Civil Procedure.

"* * * The right of trial by jury as declared by the Seventh Amendment to the Constitution or given by a statute of the United States shall be preserved to the parties inviolate." Rule 38(a), Federal Rules of Civil Procedure. "* * * When trial by jury has been demanded as provided in Rule 38, * * * [t]he trial of all issues so demanded shall be by jury, unless * * * (2) the court upon motion or of its own initiative finds that the right of trial by jury of some or all of those issues [demanded to be tried by a jury] does not exist under the Constitution or statutes of the United States." Rule 39(a), Federal Rules of Civil Procedure. "* * * Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court * * *." Rule 39 (b), Federal Rules of Civil Procedure.

The Constitution is silent as to any right of trial by jury of the issue of just compensation for property taken for public use: *viz.*, "* * * [P]rivate property [shall not] be taken for public use, without just compensation." Fifth Amendment to the Constitution. "* * * The Seventh Amendment to the Constitution of the United States provides that 'in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved * * *.' In order to ascertain the scope and meaning of this amendment, resort must be had to the practice at common law in similar proceedings when this amendment was adopted in 1791. * * *

"* * * Jury trial at common law was not applicable to all common law actions, but was grudgingly conceded by the Crown as to some and when our Constitution was adopted, was inapplicable to cases at common law where property was taken for public use. * * * Federal judicial procedure in this field lies

partly at equity and partly at law. * * *

" * * * The procedure applicable when private property is taken for public use is exclusively a product of our legislative and judicial systems. The phrase 'eminent domain' appears to have originated with Grotius who carefully described its nature * * *, and the power is universal and as old as political society. The American Constitution did not change its scope or nature, but simply embodied it in the fundamental law. Notwithstanding the recognition of its nature in our Constitution, it is procedurally unknown to the English law, there being no eminent domain in English jurisprudence. The power to take was fundamentally included in its system of Government but the obligation to compensate was lodged in the absolutism of Parliament. * * *

" * * * Under the common law system prevailing at the time of the adoption of our Constitution, one seeking relief for injuries proceeding from the Crown was faced with the peculiar sanctity of the King, since it was part of the fundamental law of England that he could do no wrong. However, it was recognized that there might be something amiss in the conduct of public affairs because of misinformation or inadvertence, when the Crown invaded the private rights of his subjects and relief was granted the citizen by petition of right. * * * This was a proceeding in chancery by which a subject might recover property in the possession of his King. * * *

"The maxim that 'the King can do no wrong' has no place in American constitutional law. The State itself which is the sovereign people in corporate organization may no more wrong an individual with impunity than may any private person. However, the State is not suable except with its consent, it being inconsistent with its sovereignty that it should be brought against its will into courts which are created and exist at its pleasure. The State may also, when providing for its own needs under the right of eminent domain and taking for such purpose the property of individuals, give all necessary protection to its agents and relegate the owner to such remedy as it deems proper, provided it is adequate and accords to the citizen due process, and without any reference to the Seventh Amendment. * * *

"Courts of England, at the time of the adoption of the Constitution, did not lack the power to fix damages in many cases at common law. They frequently fixed the amount on judgment by default and on demurrer. * * * In 1770, Chief Justice Wilmont held as had been previously declared in 1764, that a writ of inquiry in an action of tort is an inquest of office to inform the conscience of the court which could itself have assessed the damages without any inquest. * * *

"The usual method of determining the value of private property taken for public use has been to accord the land owner at some stage of the proceedings, *the right to have* his *damages assessed by a jury*. This *is not inherent in the Federal Constitution* [emphasis supplied] but is a matter of legislative discretion, restricted only by the provisions of the Fifth Amendment. * * *" Welch v. Tennessee Valley Authority C.C.A. 6th (1939), 108 F.2d 95, 98–99 [1], [2–3], [4], [5–6], [7], (citations omitted), certiorari denied (1940), 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030; see also Lewis v. Tennessee Valley Authority, C. C.A. 6th (1939), 108 F.2d 95, certiorari denied (1940), 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030.

■■ The right of trial by jury of the issue of just compensation in condemnation proceedings instituted by the relator Tennessee Valley Authority does not exist under the Tennessee Valley Authority Act, 16 U.S.C. § 831x, as amended by Public Law 90–536 (and effective with respect to condemnation proceedings initiated 30 days after September 28, 1968), nor under any other statute of the United States, insofar as has been determined by this Court. Since the aforementioned 1968 amendment, there appears to be no specific provision in the

aforementioned Act for the award of just compensation thereunder. Thus, condemnation of property by the relator Tennessee Valley Authority is now amenable to Rule 71A, Federal Rules of Civil Procedure. " * * * The Rules of Civil Procedure for the United States District Courts govern the procedure for the condemnation of real and personal property under the power of eminent domain, except as otherwise provided in this rule." Rule 71A (a), Federal Rules of Civil Procedure. " * * * [I]f there is no * * * [tribunal specially constituted by an Act of Congress governing the case for the trial of just compensation] * * * any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it. * * * Trial of all issues shall otherwise be by the court." Rule 71A (h), Federal Rules of Civil Procedure.

It is not otherwise provided in Rule 71A, *supra*, that " * * * the court * * * of its own initiative * * * [may find] * * * that a right of trial by jury of some or all * * * issues [demanded to be tried by a jury] does not exist under the Constitution or statutes of the United States * * * ", Rule 39 (a), Federal Rules of Civil Procedure, so that the issue of just compensation herein " * * * shall be tried by the court * * *." Rule 39 (b), Federal Rules of Civil Procedure. This Court, of its own initiative, finds that the right of the relator Tennessee Valley Authority of trial by a jury of the issue of just compensation herein does not exist under the Constitution or statutes of the United States. Rule 39 (a), Federal Rules of Civil Procedure. Accordingly, this action will be set for trial without a jury on the issue of just compensation. At such trial, the landowner[s] may present

evidence as to the amount of the compensation to be paid for the subject property. Rule 71A (e), Federal Rules of Civil Procedure. The relator Tennessee Valley Authority shall give notice of the time and place of the trial by the Court without a jury by personal service of the notice on the landowners in accordance with Rules 4 (c), (d), of the Federal Rules of Civil Procedure. Rule 71A (e), Federal Rules of Civil Procedure.

 NOTE: The defendant landowners have waived all objections and defenses to the taking of the subject property by not serving an answer herein within 20 days after the service of notice of taking herein. Rule 71A (e), Federal Rules of Civil Procedure.

The estimate of just compensation for subject property paid into the registry of this Court by the relator Tennessee Valley Authority is $35.62.